589 So.2d 14 (1991)
Denise B. MURPHY
v.
David L. STRANGE, Dental Health Services, Inc., and Commissioner of Insurance, Douglas D. Green.
No. CA 90 0755.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*15 Larry C. McCullough, Baton Rouge, for plaintiff-appellant.
Stephen R. Wilson, Baton Rouge, for defendant-appellee, David L. Strange and Dental Health Service.
Ambrose K. Ramsey, III, Baton Rouge, for Douglas Green, Com'r of Ins.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
On or about June 27, 1986, plaintiff filed a claim with the Commissioner of Insurance for alleged malpractice against Dr. David L. Strange and Dental Health Services, Inc. Plaintiff's attorney received a letter from the Insurance Commission dated December 7, 1988 which stated that, in accord with La.R.S. 40:1299.47(A)(2), the complaint would be dismissed ninety days thereafter for failure to take action to secure the appointment of an attorney chairman within two years of the filing of the complaint. On March 8, 1989 plaintiff filed a "petition for review of medical malpractice dismissal" in the 21st Judicial District Court, alleging that dismissal of the claim would be improper because, although no chairman had been selected for the medical review panel, La.R.S. 40:1299.47(A)(2) did not authorize dismissal when a chairman had not been selected, but rather when no action to select a chairman had been taken. Defendants filed an exception raising the objection of no cause of action which was sustained by the trial judge. Plaintiffs are appealing that judgment.
Louisiana Revised Statute 40:1299.47(A)(2)[1] provided in part:
The commissioner shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed. (Emphasis added)
Louisiana Revised Statute 40:1299.47(C)[2] provided in part:
The parties may agree on the attorney member of the medical review panel or if no agreement can be reached, then the attorney member of the medical review panel shall be selected in the following manner:
The office of the clerk of the Louisiana Supreme Court, upon receipt of notification from the commissioner of insurance, shall draw five names at random from the list of attorneys who reside or maintain an office in the parish which would be proper venue for the action in a court of law. The names of judges, magistrates, district attorneys and assistant district attorneys shall be excluded if drawn and new names drawn in their place ... (emphasis added).
Defendant argues because the statute provides for a mandatory procedure for the attorney chairman of the medical review panel to be chosen if no agreement can be reached between the parties, and because plaintiff did not follow this procedure by notifying the Louisiana Supreme Court that no agreement could be reached and more than two years passed between the filing of the complaint and the dismissal of the complaint for failure to choose an attorney chairman, the claim prescribed.
Plaintiff argues this statute directs the Commissioner to dismiss a claim "if no action has been taken" rather than dismissing the claim because no chairman has been selected. Plaintiff's petition to the district court alleges that action was taken by plaintiff's attorney to secure the panel in the form of correspondence and telephone *16 calls to the original counsel for defendants.
The objection of no cause of action tests the legal sufficiency of the petition and all allegations of fact in the petition are accepted as true; no evidence may be introduced at a hearing on an objection of no cause of action. La.C.C.P. art. 931; Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir.1986).
The statute clearly provides that action must be taken to secure the appointment of an attorney chairman for the medical review panel within two years. The law provides for a mandatory process for selecting an attorney chairman if no agreement can be reached. Plaintiff failed to utilize this mandatory selection process when it became clear that the parties could not agree upon an attorney chairman for the panel, and more than two years passed without steps being taken to secure a panel chairman. Clearly, the statute does not contemplate allowing parties to claim that "some action" was taken to select an attorney chairman by virtue of phone calls and letters. If this were allowed, claims would be dragged on far beyond the two year period contemplated for taking serious steps to bring the action before a medical review panel. Therefore, for the foregoing reasons, the trial court judgment is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] Citing the statute as was in effect at the time plaintiff filed her claim, by virtue of Acts 1984, No. 435, section 5, effective July 6, 1984. This provision is now found at 40:1299.47(A)(2)(c).
[2] Citing the statute as in effect at the time plaintiff filed her claim. This section was later arnended by Acts 1981, No. 791, section 1, effective September 1, 1981.