11 GAUDIN, Judge.
This case concerns the efforts of the State Department of Revenue and Taxation to collect corporation franchise taxes from the St. Jude Hospital of Kenner, Louisiana for the years 1990 and 1991.
The State Board of Tax Appeals and then the 24th Judicial District Court both stated *999 that the Department’s tax claims and its December 27, 1994 assessments were untimely and had prescribed. We affirm these judgments.
The Department’s brief to this Court presents these issues for review:
(1) Whether or not prescription is suspended pursuant to R.S. 47:1580 (A)(3) for the assessment of a corporation franchise tax during the pendency of a bankruptcy proceeding;
(2) Whether or not the term “any pleading” in R.S. 47:1580(A)(3) encompasses or includes the filing of a bankruptcy petition; and
(3) Whether or not the Department of Revenue and Taxation assessed 1990 and 1991 corporate franchise tax against St. Jude in accord with R.S. 47:1567 when it issued the notice of tax due and/or filed its Proof of Claim in the bankruptcy proceeding.
The hospital filed for bankruptcy on August 11,1993, listing among its debts the sum of $32,161.00 due the state for unpaid corporation franchise taxes. The bankruptcy pleading did not identify the year or years |2in which the tax would have been due. When the bankruptcy petition was filed, the hospital had not previously received any bills or actual assessments regarding 1990 and 1991 taxes.
The Department filed a Proof of Claim in the bankruptcy proceeding on November 29, 1993. The Proof of Claim form says that $421,973.00 in taxes and $173,219.41 in interest is due covering what appears to be the years 1990 to 1994. Under “Tax Period” in the form, this is typed: “0190-0194”. This form is vague even under leeway tolerated by R.S. 47:1567 and can hardly be considered fixed and decisive tax assessments for 1990 and 1991.
On December 27, 1994, the Department did finally issue a firm assessment of corporate franchise taxes, demanding $263,210.35 for 1990 and $245,627.54 for 1991. At no time did the Department file a request in the bankruptcy proceeding asking that tax liability be determined.
Article 7, Section 16 of the Louisiana Constitution reads:
“Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law.”
In the Department’s attempts to circumvent this three-year prescriptive period, it relies on the two statutes cited in its brief.
R.S. 47:1580(A)(3) states, in pertinent part, that “... prescription running against any state tax ... shall be suspended by any of the following: the filing of any pleading, either by the secretary or by a taxpayer, with the board of tax appeals or any state or federal court.”
The Department argues that “any pleading” in the statute includes the hospital’s petition filed in bankruptcy court and that “any pleading” extends ^beyond the reach of ordinary pleadings instituted because of and directly related to disputed tax liabilities. Further, the Department contends that because the unpaid and due corporation franchise taxes item was listed on Schedule E of the bankruptcy pleading, this would have put the taxes in focus and the bankruptcy pleading within the scope of R.S. 47:1580(A)(3). In any event, according to the Department, the assessment was not issued until December 27, 1994 because the hospital was protected by the automatic and unattackable stay provision of the bankruptcy code, 11 U.S.C. Sec. 362(a), (b). Neither the Board of Tax Appeals nor the district court judge agreed with the Department. In her “Reasons for Judgment,” the district court judge said:
“Poignant to the Board’s decision was the stipulation entered by the Department of Revenue and Taxation that ‘the final assessment was made on December 27, 1994, and not before that.’ Based on that stipulation, the exhibits offered into evidence and the arguments of counsel, the Board decreed that the corporate franchise tax assessments issued on December 27, 1994, by the Board against St. Jude for the fiscal years ending January 31, 1990 and January 31,1991, are prescribed.
*1000 “The only other issue is whether prescription was interrupted by the filing of a Petition for Relief under Chapter 11 of the Bankruptcy Code. The Court finds that the Board did not commit manifest error in its determination that a petition for relief under Chapter 11 of the Bankruptcy Code does not plead any demand to adjudicate or determine a particular tax liability of the debtor.
“In fact, there is no evidence in the record to suggest that St. Jude filed its Chapter 11 petition with the purpose of seeking |4a determination or adjudication by the Bankruptcy court of the alleged corporate franchise tax liability described by the December 27,1994, notice of assessment. The Chapter 11 petition was filed prior to the Department’s notice to St. Jude of its intention to make a claim. Accordingly, there was no interruption of prescription.”
The State Board of Tax Appeals had ruled previously, on February 29, 1996, that the Department of Revenue and Taxation’s claims for 1990 and 1991 corporate franchise taxes had prescribed. The Board, without dissenting vote, cited the Louisiana Constitution, Art. VII, Section 16, and pointed out that the Department’s assessments had not been issued until December 27,1994.
Our review of this record and applicable statutes and jurisprudence indicates that the Department’s tax-collecting attempts were not absolutely stymied by the bankruptcy filing and the automatic stay. Like any other creditor or debtor, the Department could have petitioned the bankruptcy court to lift its automatic stay and determine the hospital’s exact tax liability. See 11 United States Code Sec. 362(d) and Rogers v. Corrosion Products, Inc., 42 F.3d 292 (5th Cir.1995).
Although we are unaware of any Louisiana state or federal jurisprudence precisely on point, and none has been cited to us, we did take note of H & H Beverage Distrib. v. Dept. of Revenue of Pa., 850 F.2d 165 (3rd Cir.1988), in which the federal Third Circuit Court of Appeals held that a notice of audit assessment issued by a state governmental unit is not subject to the automatic stay. Thus, in the ease now before this court, it appears that the Department could and should have issued its formal assessments earlier than December 27, 1994 and inserted them into the bankruptcy 15proceeding before the bankruptcy ease was dismissed on August 22, 1994. The filing of the final assessments in the bankruptcy ease — or even the issuance of the assessments straightaway to the hospital — would likely have interrupted the three-year prescription period, if otherwise timely.
Turning to the Department’s other arguments, we cannot say the Board of Tax Appeals and the district court judge erred in concluding, directly or indirectly, that a bankruptcy filing by a taxpayer, with or without listing of a tax due, is not of itself sufficient to place it under the “any pleading” clause of R.S. 47:1580(A)(3); and that neither the mere notice of tax due or the filing by the Department of the inexact Proof of Claim in the bankruptcy proceeding was a formal assessment of 1990 and 1991 taxes due. Consequently, nothing of substance prevented the three-year prescriptive period from running, particularly in view of the fact that the Department did not request that tax liability be ascertained in federal court.
Whether or not a bankruptcy proceeding is included in the “any pleading” passage has apparently not been the subject of any prior jurisprudence. Legislative intent is not easily discernible; however, the record in this case shows that at no time did either the hospital or the Department ask that tax liability be specifically adjudicated, as procedurally authorized by 11 United States Code Sec. 505(a)(1), and at no time before the bankruptcy proceeding was terminated was the hospital’s tax liability taken into account.
Likewise, even assuming that the stay order was impregnable, the Department did not pursue its right to file suit within 30 days of dissolution of the stay order. See 11 United State Code Sec. 108(c)(2) and Rogers v. Corrosion Products, supra, at page 295.
Both the Louisiana Board of Tax Appeals and the district court judge lefound the Department’s tax claims prescribed. We are *1001 not persuaded that these judgments were wrong.
AFFIRMED.