hPEATROSS, Judge.
In this medical malpractice action, Bossier Medical Center (“Bossier”) and the Patient’s Compensation Fund (“PCF”) appeal the trial court judgment which issued a writ of mandamus ordering the PCF to reinstate the medical malpractice claim of Martha and Wilmer Prudhomme (“Prudhommes”) and ordering the parties to conclude the appointment of an attorney chairman for the medical malpractice review panel. The judgment also stayed all discovery in this matter until all appeals were resolved. Bossier and the PCF claim that the trial court should not have issued the writ of mandamus because the Prudhommes’ malpractice claim was properly dismissed by the PCF due to the Prud-hommes’ failure to timely act to have an attorney chairman selected under LSA-R.S. 40:1299.47A(2)(c). For the following reasons we affirm the judgment of the trial court.
FACTS
On May 30, 1995, the Prudhommes filed a medical malpractice claim with the PCF in accordance with the provisions of LSA-R.S. 40:1299.41, et seq. The Prudhommes named Dr. Warren Long and Bossier as defendants. By letter dated June 5,1995, Cheryl Jackson, the Director of the PCF, confirmed receipt of the complaint. In this letter, Ms. Jackson notified the Prudhommes, through their attorney, of the need to select, in coordination with the other parties, a chairman for the medical review panel and that, failing arnica- *628 ble agreement, they should notify the PCF to request a random listing of five attorney names from the Louisiana Supreme Court.
On July 26,1995, Bossier filed a Petition to Have a Suit Number Assigned in the Twenty-Sixth Judicial District so that discovery could be commenced for the production of evidence to submit to the review panel. Discovery was undertaken in the case, but no attorney chairman was ever appointed, nor were the physician |2members of the panel selected. In a letter dated March 3, 1997, Ms. Jackson notified the Prudhommes, through their attorney, that, in accordance with the provisions of LSA-R.S. 40:1299.47A(2)(c), the malpractice complaint would be dismissed within 90 days of receipt of the letter due to their failure to take action to secure the appointment of an attorney chairman. This letter informed the Prudhommes that the complaint would be dismissed without further notice unless an attorney chairman was appointed. The letter stated:
If continued pursuit of this complaint is desired, an attorney chairman must be selected by agreement of all parties and this office notified within ninety (90) days, or notification must be sent to the Patient’s Compensation Fund Oversight Board requesting a list of attorneys from the [s]upreme court as required by R.S. 40:1299.47.C.(l)(a).
Unless either of these actions is taken and concluded within ninety (90) days of this notification to all parties, the claim will be dismissed without further notification from this office. (Emphasis theirs.)
On May 22, 1997, the Prudhommes’ attorney responded to Ms. Jackson’s letter by requesting a strike list of attorneys for consideration as attorney chairman. Ms. Jackson contacted the Clerk of the Louisiana Supreme Court by letter dated May 28,1997, requesting a list of attorneys. The Clerk of Court sent Ms. Jackson a list of attorneys and Ms. Jackson forwarded this list to the Prudhommes’ attorney as an attachment to a letter dated June 3,1997.[1] No further action was taken by any of the parties and on July 25, 1997, Ms. Jackson notified the Office of Risk Management for the State of Louisiana that the PCF had closed the claim filed by the Prudhommes due to their failure to appoint an attorney chairman within the proper time.
On July 24, 1997, the Prudhommes filed a Notice of Article 1442 Deposition and requested a subpoena and subpoena duces te-cum directed to bBossier. In response, Bossier filed a Motion to Quash on September 9, 1997, seeking to quash the subpoena and subpoena duces tecum and requesting a protective order. The Prudhommes then filed a Motion Requesting Issuance of a Writ of Mandamus directed to the PCF to reopen the terminated claim. The trial court heard both motions on November 13, 1997, and concluded that the Motion to Quash was moot, denied the request for a protective order and granted the Writ of Mandamus. Bossier and the PCF perfected a suspensive appeal. Bossier and the PCF assign as error the trial court’s issuance of the writ, and Bossier additionally assigns as error the trial court’s failure to issue a protective order.
DISCUSSION
The issue in this case is whether the PCF properly dismissed the Prudhommes’ claim under LSA-R.S. 40:1299.47. Bossier contends that the attorney chairman must be appointed within the 90-day “grace period” allowed under the statute and that, without further action, a request for the strike list of attorneys is not sufficient to prevent dismissal. The PCF claims that the case of Murphy v. Strange, 589 So.2d 14 (La.App. 1st Cir.1991) is controlling in this case and, therefore, the Prudhommes claim was properly dismissed because requesting the strike list of attorneys was not sufficient action to prevent dismissal. The Prudhommes argue that the attorney chairman may be chosen either by agreement of the parties or through the “mandatory striking procedure” and that the claimant’s implementation of the striking procedure prevents dismissal of the claim.
LSA-R.S. 40:1299.47 provides in pertinent part:
*629 A. (1) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a 14medical review panel established as hereinafter provided for in this Section.
******
(e) The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant’s attorney if no action has been taken by the claimant or the claimant’s attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
The First Circuit Court of Appeals determined in the Murphy case that because the claimant failed to utilize the mandatory strike list process for selecting the attorney chairman when it became clear that the parties could not agree on the chairman, and because more than two years had passed without steps being taken to secure a panel chairman, dismissal of the claim was proper. In that case, the claimant filed the claim on or about June 27, 1986. In a letter dated December 7,1988, the claimant was informed that the claim would be dismissed in 90 days for failure to take action to secure the appointment of an attorney chairman. On March 8, 1989, the claimant filed a “petition for review of medical malpractice dismissal.”
We interpret LSA-R.S. 40:1299.47A(2)(e) to mean that a claimant has two years from the date of filing the claim with the PCF in which to take action to secure the appointment of an attorney chairman for the medical review panel. If the appointment of an attorney chairman does not occur within the two years, LSA-R.S. 40:1299.47A(2)(e) states that the PCF must send notice to the claimant that the claim will be dismissed 90 days from the date of the notice due to the claimant’s failure to take action to secure the appointment of an attorney chairman.
In the present case, the Prudhommes filed their claim on May 30, 1995. The two-year period allowed under the statute would not have run until May 30, |s!997. The PCF mailed its 90-day notice letter on March 3, 1997, almost three months before the two-year period had expired. Under our interpretation of LSA-R.S. 40:1299.47A(2)(c), a claimant has at least two years and 90 days to take action to secure the appointment of an attorney chairman, with the 90-day period to begin running only after the sending of the required notice by the PCF. Assuming the PCF mailed the notice letter exactly at the end of the two-year interval, the 90-day period accorded the Prudhommes would have extended until the end of August 1997. The PCF dismissed the Prudhommes’ claim on July 25, 1997. This dismissal was clearly premature under the terms of LSA-R.S. 40:1299.47 A(2)(c). In Murphy, the 90-day notice letter was not issued until about five months after the two-year period had expired. Therefore, Murphy is not controlling-in this case. The trial court properly issued the writ of mandamus ordering the PCF to reinstate the Prudhommes’ claim.
Since we find that the PCF prematurely dismissed the Prudhommes’ claim, we preter-mit a discussion of other issues raised by the parties in this case.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.

. There is an allegation that the Prudhommes' attorney never received this letter.