742 So.2d 906 (1999)
Doyle H. YOKEM, et ux., Plaintiff-Appellee,
v.
SISTERS OF CHARITY OF the INCARNATE WORD d/b/a Schumpert Medical Center, Defendant-Appellant.
No. 32,402-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*907 Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, Counsel for Appellant.
Nelson, Hammons & Self by John L. Hammons, Shreveport, Counsel for Appellee.
Before WILLIAMS, STEWART and PEATROSS, JJ.
WILLIAMS, Judge.
In this medical malpractice action, the defendant, Sisters of Charity of the Incarnate Word d/b/a Schumpert Medical Center ("Schumpert"), appeals a judgment in favor of the plaintiffs, Doyle and Helen Yokem. The district court overruled defendant's exception of prematurity, finding that the plaintiffs had satisfied the statutory requirements by filing their suit within ninety days after receiving a dismissal notice from the Patients' Compensation Fund. For the following reasons, we reverse and render.

FACTS
On October 26, 1992, Doyle and Helen Yokem, who are husband and wife, filed a medical malpractice claim against Schumpert with the Louisiana Patients' Compensation Fund (PCF), alleging January 1976 as the date of malpractice. Two years later, the PCF advised the plaintiffs' counsel by letter dated October 26, 1994, that their claim would be dismissed 90 days after receipt of the notice because neither the plaintiffs nor their counsel had taken any action to secure the appointment of an attorney chairman within the two-year period from the date on which they requested a review of their claim.
In December 1994, the plaintiffs, Doyle and Helen Yokem, filed in district court a petition seeking damages against the defendant, Schumpert Medical Center, alleging that Doyle contracted Hepatitis C from contaminated blood which he received during transfusions administered by Schumpert personnel in August 1976. The petition also alleged that Helen contracted Hepatitis C as a result of a blood transfusion performed at Schumpert in 1981. Subsequently, Schumpert filed an exception of prematurity, contending that the suit was premature because it was filed before plaintiffs had presented their claim to a medical review panel.
The district court rendered judgment overruling the defendant's exception, finding that the proceeding was not premature under LSA-R.S. 40:1299.47(B)(3), which provides that the suspension of prescription with respect to a health care provider shall cease 90 days after all parties are notified by the attorney chairman of the dissolution of the medical review panel, or the expiration of any court ordered extension.
The defendant filed an application for a supervisory writ with this court, which ordered that the matter be considered as an appeal, finding that a judgment requiring a healthcare provider to forgo the benefit of a medical review panel is appealable because such proceedings cannot be replicated after reversal on appeal. Yokem v. Sisters of Charity of the Incarnate Word d/b/a Schumpert Medical Center, 32,188-CW (La.App.2d Cir.12/23/98). Defendant appeals the judgment.

DISCUSSION
The defendant contends the trial court erred in overruling the exception of prematurity. Defendant argues that the plaintiffs' suit is premature because they failed to present their malpractice claim to a medical review panel.
*908 LSA-C.C.P. art. 926 provides for the dilatory exception of prematurity. A suit is premature if it is brought before the right to enforce the claim sued upon has accrued. LSA-C.C.P. art. 423. Prematurity is determined by the facts existing at the time a suit is filed. Hidalgo v. Wilson Certified Express, Inc., 94-1322 (La.App. 1st Cir. 5/14/96), 676 So.2d 114.
The exception of prematurity may be utilized in cases where the applicable law has provided a procedure for a claimant to seek administrative relief before resorting to judicial action. Generally, the person aggrieved in such a case must exhaust all administrative remedies before being entitled to judicial review. Dunn v. Bryant, 96-1765 (La.App. 1st Cir. 9/19/97), 701 So.2d 696.
The Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq., provides such a mechanism by requiring all medical malpractice claims against covered health care providers to be submitted to a medical review panel prior to filing suit in any court. LSA-R.S. 40:1299.47(B). This administrative procedure affords the medical review panel an opportunity to render its expert opinion on the merits of a complaint. Hutchinson v. Patel, 93-2156 (La.5/23/94), 637 So.2d 415.
In their brief, the plaintiffs argue that their failure to take action to select an attorney chairman should not prevent them from filing their suit in the district court because the defendant could also have taken steps toward selecting a panel chairman. However, LSA-R.S. 40:1299.47 A(2)(c) expressly provides that the PCF board shall dismiss a claim ninety days after giving notice to the claimant "if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman ... within two years from the date the request for review of the claim was filed." Contrary to plaintiffs' argument, this language places the primary responsibility for selecting a panel chairman on the claimant, who may "unilaterally" initiate the mandatory strike list process by notifying the PCF oversight board when the parties cannot reach an agreement.
This interpretation is consistent with the case law. In Bossier Medical Center v. Prudhomme, 31,040 (La.App.2d Cir.9/23/98), 718 So.2d 627, this court interpreted R.S. 40:1299.47 A(2)(c) to mean that a claimant has two years and ninety days in which to act to secure the appointment of an attorney chairman and avoid dismissal of the claim. In Murphy v. Strange, 589 So.2d 14 (La.App. 1st Cir.1991), the court determined that because the plaintiff failed to utilize the mandatory strike list process to select an attorney chairman, and more than two years had passed, the claim was properly dismissed.
Thus, a reasonable reading of the statutory language and the case law supports the view that the plaintiffs carry the burden of securing the appointment of an attorney chairman if they desire to pursue a medical malpractice claim. Consequently, the plaintiffs' argument that they should be allowed to file suit in district court despite their failure to perform the statutorily required step of presenting their claim to a medical review panel lacks merit.
The plaintiffs also contend that by failing to secure the appointment of an attorney chairman, the parties "tacitly waived" use of the medical review panel process. As previously noted, an action against a covered health care provider may not be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. R.S. 40:1299.47 B(1)(a)(i). However, by agreement of both parties, the use of the medical review panel may be waived. LSA-R.S. 40:1299.47 B(1)(c).
In their petition, the plaintiffs alleged that the parties' counsel had agreed that no further action would be taken by either the plaintiffs or defendant regarding prosecution of plaintiffs' claims until the Louisiana *909 Supreme Court had rendered judgment in the subsequently decided case of Branch v. Willis-Knighton Medical Center, 92-3086 (La.4/28/94), 636 So.2d 211. Even if we accept the existence of such an agreement, nothing in the record indicates that the defendant thereby agreed to waive an evaluation of the plaintiffs malpractice claim by a medical review panel.
Nor was any such "waiver" asserted by the plaintiffs in response to the PCF's October 1994 letter advising them that their claim would be dismissed in ninety days for failure to secure a panel chairman. Furthermore, the plaintiffs have not offered any authority for interpreting the defendant's inaction in the present situation as a waiver, tacit or otherwise, of defendant's statutory procedural rights. The record does not contain any evidence of either a written or oral agreement by which the parties waived use of the medical review panel. Therefore, the plaintiffs' argument lacks merit.
All malpractice claims against covered health care providers shall be reviewed by a medical review panel. LSA-R.S. 40:1299.47(A)(1). If an action against a covered health care provider has been commenced in the district court before the complaint has been presented to a medical review panel, an exception of prematurity must be sustained and the claimant's suit must be dismissed. See LSA-C.C.P. art. 933; LSA-R.S. 40:1299.47(B)(1)(a)(i). The defendant carries the burden to prove prematurity and initial immunity from suit as a qualified health care provider under the Medical Malpractice Act.
In the present case, the plaintiffs have not disputed the defendant's status as a qualified health care provider pursuant to LSA-R.S. 40:1299.42. Consequently, a malpractice action against the defendant could not be commenced in any court until the plaintiffs' complaint had been presented to a medical review panel for its expert opinion on the merits of the claim.
At the time the plaintiffs filed their petition, an attorney chairman had not been appointed and the plaintiffs' complaint had not been reviewed by a medical review panel as required by the statute. Therefore, the plaintiffs' suit when filed was premature and the district court erred in overruling the defendant's exception of prematurity. Accordingly, the judgment is reversed and the plaintiffs' suit must be dismissed without prejudice. LSA-C.C.P. art. 933, Revision Comment (c).
Pursuant to LSA-C.C.P. art. 1673, a judgment of dismissal without prejudice is not a bar to another suit on the same cause of action. We note that in October 1994, the plaintiffs filed a request for review of their medical malpractice claim and suspended the running of prescription in accordance with LSA-R.S. 40:1299.47. This period of suspension was still in effect in December 1994, when plaintiffs filed suit, interrupting the prescriptive period. LSA-C.C. art. 3462.
An interruption of prescription resulting from the filing of a suit in a competent court within the prescriptive period continues as long as the suit is pending. LSA-C.C. art. 3463; Wilkes v. Carroll, 30,066 (La.App.2d Cir.12/10/97), 704 So.2d 938. The prescriptive period will begin to run anew from the date of dismissal of the suit which interrupted prescription. Brister v. Southwest Louisiana Hospital Assoc., 624 So.2d 970 (La.App. 3rd Cir.1993).
Consequently, a dismissal without prejudice in this case means that the period during which the suit was pending does not count toward the accrual of prescription, and the plaintiffs will have the full prescriptive period in which to present their claim to a medical review panel and bring a new action. LSA-C.C. art. 3463, Revision Comment (b).

CONCLUSION
For the foregoing reasons, the district court's judgment overruling the exception of prematurity is reversed. Judgment is *910 hereby rendered sustaining the exception of prematurity filed by the defendant, and dismissing the plaintiffs' suit without prejudice. Costs of this appeal are assessed to the appellees, Doyle and Helen Yokem.
REVERSED AND RENDERED.