|,DUFRESNE, Judge.
This is an appeal by the Patient’s Compensation Fund Oversight Board, the Patient’s Compensation Fund, and various health care providers, defendants-appellants, from a judgment ordering the Board to reinstate a claim which it had previously dismissed for failure of the claimant to timely secure the appointment of an attorney chairman of the medical review panel. For the following reasons, we affirm the judgment of the district court.
The facts of the case are undisputed. Donna J. Sarver filed pro se a claim with the Oversight Board on November 22, 1995, but took no further action. A little over 21 months later, on August 26, 1997, the Board sent her a notice by certified mail informing her that if she did not take appropriate action to have an attorney chairman appointed to the medical review panel within 90 days of the notice her claim would be dismissed without any additional notice. It was stipulated that she did not receive this letter and that it was returned to the Board marked “unclaimed.” On December 12, 1997, the claim was duly dismissed without further notice to claimant.
Claimant subsequently retained counsel and petitioned the district | ¡.court to order the Board to reinstate her claim, alleging that it had been improperly dismissed. At trial of the matter, the Board asserted that the statute at issue did not require actual receipt of the notice, but only that the notice be sent by certified mail. The trial judge disagreed with this position, and ruled that failure of the claimant to actually receive the 90 day notice of dismissal rendered the subsequent dismissal void. He therefore ordered the Board to rein *1069 state the claim. Although we affirm this judgment, we do so for different reasons.
The pertinent statute, La.R.S. 40:1299.47 A(2)(c), provides as follows:
The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant’s attorney if no action has been taken by the claimant or the claimant’s attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
The question here is whether the 90 day period may run concurrently with the last 90 days of the two year period, or whether it is a 90 day grace period which commences to run only at the end of the two year period.
This precise issue was addressed in Bossier Medical Center v. Prudhomme, 31,040 (La.App. 2nd Cir. 9/23/98), 718 So.2d 627. There the Board followed the same procedure as it did here, ie. it sent the 90 day letter shortly after the beginning of the twenty-first month of the two year period, and dismissed the claim before 90 days had expired after the end of the two year period. Claimant filed a petition seeking reinstatement of the claim and the trial court so ordered. In affirming this judgment, the appellate court stated that under its interpretation of the statute the 90 day period does not commence until 1) the two year period has expired, and 2) lathe 90 day notice is mailed. The court noted that had the notice been sent on the day after expiration of the two year period, the dismissal could not have come any sooner than after the expiration of 90 more days. Since the dismissal was made within that 90 day period, it was deemed premature and had to be set aside.
We agree with this reasoning. In this court’s opinion it would require a tortured reading of the statute to permit the 90 day period to run concurrently with the last three months of the two year period. Obviously the Board has no way of knowing whether or not a claimant has taken appropriate action within two years until those two years have run. At that point the statute requires the Board to notify the claimant that if action is not taken within 90 days from the date the notice is mailed, the claim will be dismissed. Because this procedure was not followed in this case, resulting in dismissal of the claim prior to the lapse of 90 days after the end of the two year period, we rule that the dismissal was premature and must be set aside. We therefore affirm the judgment ordering reinstatement of the claim.
We finally note that because we have resolved this case on the ground that the dismissal was defective because premature, we need not and do not rule here on the question of whether actual receipt of the notice is required by the statute before a claim may be dismissed.
For the foregoing reasons the judgment of the district court ordering that the claim be reinstated is hereby affirmed.

AFFIRMED.