**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-30350**

_____

**RUTH S. BIERY,**

Appellee,

**versus**

**MICHAEL CHIASSON,**

Appellant.

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(98-CV-2174-J)**

_____

April 10, 2000

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit
Judges.

EDITH H. JONES, Circuit Judge:[*]

Michael Chiasson, trustee for the estate of Dr. David
Mark Metzner, appeals the district court's determination that the
bankruptcy court lacked jurisdiction to decide whether Ruth Biery's
claim against Metzner had prescribed. We do not reach the
jurisdiction question, but reverse and remand because Biery's claim
has not prescribed.

**FACTS & PROCEDURAL HISTORY**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana's Medical Malpractice Act requires that, before filing suit, prospective medical malpractice plaintiffs submit claims against qualified health care providers for review by a medical review panel.[2]  *See* La. R.S. 40:1299.47(A)(1).  The putative plaintiff initiates the process by filing a request for review of a claim and then consulting with the other party about who will serve as attorney chairman.[3]  *See* La. R.S. 40:1299.47(A)(2)(a).

On November 24, 1992, while performing a blepharoplasty on Biery, Dr. Metzner punctured the globe of Biery's left eye, allegedly committing medical malpractice.  As required, Biery filed a request for a medical review panel on March 15, 1993.  On September 1, 1993, Dr. Metzner voluntarily filed for Chapter 7 bankruptcy and all proceedings against him were accordingly automatically stayed.

In February of 1996, Chiasson filed a motion for relief from the automatic stay so that Biery and another creditor could proceed.  On March 27, 1996, the Bankruptcy Court modified the automatic stay to allow Biery's claim to proceed.

A year later, on March 28, 1997, Biery's attorney contacted Chiasson's attorney in order to begin the selection of an

---

[2]  Medical review panels consist of three health care providers and one attorney, who acts as the chairman of the panel.  *See* La. R.S. 40:1299.47(C). The chairman is selected first and is expected to expedite the selection of the other members and act as caretaker of the process.  *See* La. R.S. 40:1299.47(C)(2).

[3]  If no agreement is reached, the PCF provides the parties with the names of five area attorneys selected randomly, and the parties choose from among those five.  *See* La. R.S. 40:1299.47(C).

attorney chairman pursuant to La. R.S. 40:1299.47. Because the parties could not agree on a chairman, they utilized the statutory selection provisions. On May 22, 1997 the parties reached agreement and so notified the Patients' Compensation Fund ("PCF") by letter the same day.

On June 26, 1997, the PCF advised Biery's attorney by certified letter that pursuant to La. R.S. 40:1299.47(A)(2)(c) Biery's claim would be dismissed within 90 days of receipt of the letter if a chairman were not selected or a notice sent to the PCF requesting a list of possible attorney chairman. In response, Biery's attorney sent a certified letter on July 1, 1997 again notifying the PCF of the May 22, 1997 appointment of the attorney chairman.

Asserting that Biery's claim had prescribed, on April 13, 1998 the trustee filed an objection to Biery's claim. The Bankruptcy Court sustained the objection and disallowed the claim as prescribed. Biery appealed to the district court, arguing both that the Bankruptcy Court lacked jurisdiction to determine the prescription question and that the claim had not prescribed in any case. The district court found that the bankruptcy court lacked jurisdiction over Biery's claims because a prescription determination in a personal injury claim is a non-core proceeding; the court did not decide the prescription question.

## DISCUSSION

We decline to decide whether the bankruptcy court had jurisdiction over the issue of prescription. This difficult

**3**

question is unnecessary to the decision in this case;[4] it is undisputed that both the district court and this Court can properly exercise jurisdiction over questions of prescription in personal injury cases against bankrupt defendants. The prescription issue was briefed fully before this Court and before the court below, and this Court therefore may decide the case on that issue. *See Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 331 (5th Cir. 1994).

Whether or not Biery's claim has prescribed is a question of law that we review de novo. *See In re Kosodnar*, 157 F.3d 1011, 1013 (5th Cir. 1998).

As stated above, Louisiana's Medical Malpractice Act requires that all malpractice claims against qualified healthcare providers be presented to a medical review panel before suit is filed in a court of law. *See* La. R.S. 40:1299.47; *LeBreton v. Rabito*, 714 So.2d 1226, 1230 (La. 1998). Because the Act imposes this constraint on plaintiffs' ability to sue, it also provides that the filing of a request for review before a panel suspends the running of prescription. *See* La. R.S. 40:1299.47(A)(2)(a); *LeBreton*, 714 So.2d at 1230 - 31. Unless suspended, an action for medical malpractice must be brought within a year of the alleged

---

[4]    The question is not first a constitutional question but a matter of the interpretation of 28 U.S.C. § 157(b)(2)(B), which excludes from the definition of core bankruptcy proceedings the liquidation or estimation of unliquidated personal injury tort claims against the estate and § 157(b)(5), which requires the district court to try personal injury claims asserted in bankruptcy.

wrong, or within a year of the date of discovery of the alleged wrong.[5]  *See* La. R.S. 9:5628.

In order to prevent the review process from causing excessive delay, the Act also directs the PCF Oversight Board to dismiss claims, after giving notice to the claimant, where the claimant has taken insufficient action toward establishing a medical review panel.  Specifically, La. R.S. 40:1299.47(A)(2)(c) provides: "The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed."  La. R.S. 40:1299.47 (A)(2)(c).

Biery bases her most persuasive argument as to why her claim has not prescribed on this failure to notify.  She contends that because she did not receive any notice from the PCF Board until after an attorney chairman had already been chosen, the running of the prescription time is still suspended.  Chiasson argues in opposition that, because Biery did not take any action to have an attorney chairman appointed for the medical review panel within two years, the suspension of the running of prescription lapsed and her claim is now prescribed.[6]

---

[5]    The discovery rule exception is subject to a three year cut-off.  *See* La. R.S. 9:5628.

[6]    Biery also argues that the automatic stay suspended the running of La. R.S. 40:1299.47(A)(2)(c)'s two year period.  As Chiasson correctly points out, however, the bankruptcy court's automatic stay would not suspend La. R.S.

Chiasson's contention that the prescription period can start to run again whether or not the PCF Board has notified the claimant of a possible dismissal is incorrect. The statute does not state that the claim is automatically dismissed if no action is taken in two years – rather, the statute requires that the board give notice to the claimant of possible dismissal and afford the claimant ninety days in which to save the claim. Only after it has given notice is the board directed to dismiss the claim. This interpretation is consistent with the way that Louisiana courts have interpreted the provision. Louisiana's Second Circuit has stated:

> Under our interpretation of LSA-R.S. 40:1299.47(A)(2)(c), a claimant has at least two years and 90 days to take action to secure the appointment of an attorney chairman, with the 90-day period to begin running only after the sending of the required notice by the PCF. *Bossier Medical Center v. Prudhomme*, 718 So.2d 627, 629 (La.App. 2 Cir. 1998).

Louisiana's Fifth Circuit has agreed with this reasoning. *See Sarcer v. Strand*, 742 So.2d 1068, 1069 (La.App. 5 Cir. 1999)("the statute requires the Board to notify the claimant that if action is not taken within 90 days from the date the notice is mailed, the claim will be dismissed."). Furthermore, the Louisiana Supreme Court has also indicated that the Medical Malpractice Act "protects plaintiffs who would otherwise suffer the detrimental effect of

---

40:1299.47(A)(2)(c)'s two-year period. *See Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 295 (5th Cir. 1995)("*contra non valentem* does not suspend the running of the prescriptive period because of the imposition of an automatic stay under the Bankruptcy Code"); *St. Jude Hosp. v. Kennedy*, 698 So.2d 998, 1000 (La.App. 5 Cir. 1997) (holding that because a bankruptcy court's automatic stay did not absolutely stymie creditor's collection efforts, the prescription period was not suspended and the claim had prescribed).

liberative prescription." *LeBreton*, 714 So.2d at 1230. Given this policy, the language of the statute, and prior interpretation of La. R.S. 40:1299.47(A)(2)(c), a claim may not be dismissed until ninety days after the PCF board has notified the claimant of that possibility.

Because Biery was not so notified until after an attorney chairman had been selected, Biery's claim has not prescribed despite the fact that an attorney chairman was not chosen until four and a half years after the alleged malpractice. *Bossier* and *Sarcer* dictate that the ninety day period does not start until the Board has sent its notification letter. In this case, the PCF sent the letter on June 26, 1997, after an attorney chairman had been selected and the PCF had been so notified. The medical review process was therefore still ongoing, and the running of prescription was still suspended.[7]

Section 108 of the Bankruptcy Code does not require a different result. That section provides that a prescription period extends to the later of: 1) the prescription period as established by applicable non-bankruptcy law; or 2) 30 days after notification of the termination of the automatic stay. *See* 11 U.S.C. 108(c). Section 108 serves only to extend a prescription period; not to

---

[7] The case law cited by Chiasson is not to the contrary. *Grantham v. Dawson*, 666 So.2d 1241 (La.App. 2 Cir. 1996), concerned the interpretation of La. R.S. 40:1299.47(B)(3). That section is not at issue in this case. *Lebreton v. Rabito*, 714 So.2d 1226 (La. 1998), found that filing a medical malpractice claim with a medical review panel triggered only the suspension of prescription specially provided by the Medical Malpractice Act, rather than the general provision on interruption of prescription in the Louisiana Civil Code. Appellee does not rely on any general provision on interruption of prescription, but only the provision found in the Medical Malpractice Act.

shorten it.  If longer, the prescription period set by applicable non-bankruptcy law controls.  That is the case here – Louisiana law suspended the running of prescription during the pendency of the medical review process, which was still ongoing.[8]

Clearly, the medical review process did not work as it should have.  Neither Biery nor the PCF have acted promptly in pursuing and processing the claim.  Nevertheless,  the PCF board must notify the claimant in order to trigger the ninety day period, after which the board may dismiss the claim.  That procedure was not followed here, and Biery's claim is therefore not prescribed for her failure to take action to secure an attorney chairman until March 1997.

**VACATED** and **REMANDED WITH INSTRUCTIONS**.

---

[8]     Nor can the bankruptcy court's notification of the lifting of the automatic stay be considered as triggering La. R.S. 40:1299.47(A)(2)(c)'s 90 day period.  The statute requires notice of possible dismissal from the PCF.  The bankruptcy court's order was not from the PCF, nor did it contain a notice of possible dismissal.  The PCF could have given notice to Biery anytime after the stay was lifted, but it did not do so.