J^SHORTESS, C.J.
On April 15, 1986, Sarah .Kimmons (Kimmons) visited the dentist’s office for a root canal procedure. Dr. C. Kenneth Sherman performed the procedure. During that visit, Kimmons was injured when Sherman allegedly broke a portion of the endodontic file in the root of her left front molar. In April 1987, Kimmons and her husband, William Kimmons (plaintiffs), filed petitions alleging Sherman injured her. Over the past fourteen years, the parties have engaged in “procedural warfare” by filing various procedural devices, so that the claim has not yet been reviewed on the merits by a medical review panel or court. Moreover, this is the third time this matter has been before this court.
The issue before us this time is whether the trial court erred in maintaining plaintiffs’ petition ordering the Patient’s Compensation Fund Oversight Board (PCF) to invoke a medical review panel.
In April 1987, plaintiffs filed a petition with the Commissioner of Insurance to impanel a medical review panel pursuant to Louisiana Revised Statute 40:1299.47.[1] Plaintiffs also filed a petition for damages for personal injury and breach of contract in the Twenty-First Judicial District Court. Both petitions named Sherman as defendant.[2] In April 1987, plaintiffs were informed by the Commissioner of Insurance that Sherman did not qualify as a health care provider covered under the Medical Malpractice Act. However, in June 1993, the PCF[3] notified plaintiffs that Sherman was a “qualified health care provider,” and counsel for each side could proceed with selecting an attorney chairman as provided by Revised Statute 40:1299.47.
In a series of letters, the following occurred. On April 1, 1996, the PCF notified plaintiffs that pursuant to Revised Statute 40:1299.47(A)(2)(c), they had 90 days to take action to secure the appointment of an. attorney chairman or their medical malpractice complaint would be dismissed. On July 22, 1996, the PCF notified the Office of Risk Management plaintiffs that it had closed plaintiffs’ case “due to the failure to appoint an attorney chairman within the allotted |4time.” On March 3, 1998, plaintiffs notified the PCF that a person had been selected as attorney chairman and requested that the appointment be made in order to proceed with invoking a medical review panel. On April 28, 1998, the PCF notified plaintiffs this appointment could not be made because the 90 days they were previously given to appoint the attorney chairman had expired.
On July 30, 1998, plaintiffs filed a petition for review of the medical malpractice dismissal in district court. PCF filed an exception of no cause of action. Sherman filed exceptions of nonconformity of the petition, prematurity, and no cause and no right of action. The trial court ordered that “[plaintiffs’ petition to invoke a medical review panel be maintained and the [PCF] be ordered to invoke a medical review panel in this matter.” The court also denied Sherman’s exceptions of no cause and no right of action. The PCF and Sherman appeal.
DISCUSSION
The trial court judgment did not determine the merits of the case; therefore, it *667 is interlocutory and not a final judgment.[4] Appeals can be taken only from interlocutory judgments, which may cause irreparable injury.[5] However, we exercise supervisory jurisdiction to address PCF’s contention that the trial court improperly rejected its exception of no cause of action.
Unlike most medical malpractice cases, this case has extremely peculiar facts. Prior to being informed Sherman was a qualified health provider covered under the Malpractice Act, plaintiffs had taken a default judgment against Sherman and had recorded this judgment into the mortgage records of Tangipahoa Parish. Consequently, this case was well within the arena of the district court before the parties were notified they should take steps to have a medical review panel convened.
After plaintiffs were notified by the PCF that Sherman was not a qualified health care provider, Sherman’s insurance company forwarded documentation to the PCF contending that he was covered by medical malpractice insurance when Kimmons was injured and that perhaps an error had occurred. For reasons unknown to the court, no action was taken by the PCF redetermining Sherman’s status as a health care provider at that time. In the interim, plaintiffs proceeded with the claim in district court as stated above. After plaintiffs confirmed their default | ¡judgment, Sherman filed a petition to annul the judgment on December 7, 1992. Finally after six years, the PCF issued a letter dated June 25, 1993, stating Sherman was a qualified health care provider. On February 10,1993, the trial court ruled the default judgment was an absolute nullity.
Plaintiffs notified the PCF that the parties had selected an attorney chairman in a letter dated March 3, 1998. However, in a letter dated April 28, 1998, the PCF informed plaintiffs their claim had been dismissed as of June 22, 1996, because they had not appointed a chairman in the 90-day period after notice was given.
The PCF contends plaintiffs did not take any action to select an attorney chairman within the 90-day period, and their case should be dismissed. The PCF maintains that although plaintiffs’ case was still on appeal during that time on a procedural matter, this appeal did not interrupt the two-year-and-ninety-day period for dismissal of their claim. The PCF alleges Revised Statute 40:1299.47(A)(2)(c) is per-emptive in nature; thus, the period cannot be interrupted or suspended. Sherman contends the trial court erred in overruling his exceptions of prematurity, nonconformity, and no cause and no right of action.
Revised Statute 40:1299.47(A)(2)(c) states:
The board shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant’s attorney if no action has been taken by the claimant or the claimant’s attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed.
The PCF refers to Murphy v. Strange.[6] In that case plaintiff contended the statute gave direction for the claim to be dismissed only if an action had not been taken toward selecting an attorney chairman rather than dismissing the claim when a chairman had not been selected. Plaintiff alleged she had acted toward securing the panel in the form of correspondence and telephone calls to Sherman’s counsel. We stated in Murphy:
The statute clearly provides that action must be taken to secure the appointment of an attorney chairman for the medical review panel within two years. The law provides for a mandatory process for selecting an attorney chairman if no agreement can be *668 reached.[7] Plaintiff failed to utilize this | ¿mandatory selection process when it became clear that the parties could not agree upon an attorney chairman for the panel, and more than two years passed without steps being taken to secure a panel chairman. Clearly, the statute does not contemplate allowing parties to claim that “some action” was taken to select an attorney chairman by virtue of phone calls and letters. If this were allowed, claims would be dragged on far beyond the two year period contemplated for taking serious steps to bring the action before a medical review panel.
(Footnote Added.)
Murphy holds that mere letters and telephone calls are not sufficient to demonstrate that some action was taken to select an attorney chairman. Moreover, because the statute provides a manner in which the attorney can be selected when the parties cannot agree on whom to have appointed, and correspondence between the parties is not sufficient.
Plaintiffs attempted to have an attorney chairman appointed in a letter dated March 20, 1996, to the PCF, after naming an attorney. In a letter dated March 25, 1996, Sherman objected to the attorney proposed by plaintiffs. The PCF notified plaintiffs’ attorney in a letter dated April 1, 1996, that “an attorney chairman must be selected by agreement of all parties and this office notified within ninety days, or notification must be sent to the [PCF] requesting a list of attorneys from the Supreme Court as required by R.S. 40:1299.47.C.(l)(a).” The letter went on to state, “Unless either of these actions is taken within ninety days of this notification to all parties, the claim will be dismissed without further notification from this office.” (Bold added.) Plaintiffs sent a Tetter dated June 12, 1996, to the PCF requesting to have a list of attorneys prepared since the parties could not agree on the appointment of an attorney chairman. As an enclosure to the letter dated June 26, 1996, the PCF provided plaintiffs with the list of attorneys issued by the supreme court. On July 22, 1996, the PCF notified the Office of Risk Management that plaintiffs’ claim had been closed for failure to appoint an attorney chairman within the allotted time.
As stated in the PCF’s letter dated April 1, 1996, plaintiffs were required either to appoint an attorney chairman or request a list of attorneys’ names from the supreme court within the 90-day period in order to prevent the dismissal of their claim. Plaintiffs complied by requesting a list of attorneys’ names within the designated period. Revised Statute 40:1299.47(A)(2)(c) [ 7requires dismissal “if no action has been taken by the claimant” within the 90-day period, not for failure to appoint an attorney chairman within the allotted time. Plaintiffs took action by requesting the list of attorneys’ names under the provisions of the statute as well as the options provided by the PCF in the letter dated April 1, 1996. Consequently, plaintiffs’ claim should not have been dismissed, and a medical review panel should be convened.
As aforesaid, we have treated this action as an application for supervisory review. We find no error in the trial court’s judgment ordering the PCF to invoke a medical review panel, and we deny the relief requested by applicants. We decline to exercise our supervisory jurisdiction re *669 garding the ruling on the remaining exceptions, which are hereby rendered moot.
SUPERVISORY RELIEF DENIED.
PARRO, J., concurs in the result only.

. At the time plaintiffs' petition was filed, the statute provided that the request for a medical review panel be filed with the Office of the Commissioner of Insurance.

. The petitions also named the Dr. C. Kenneth Sherman Dental Corporation and ABC Medical Malpractice Insurance as defendants.

.At this time, the request for a medical review panel was no longer under the Commissioner of Insurance, but was under the authority of the PCF.

. See La. C.C.P. art. 1841.

. See La. C.C.P. art.2083.

. If the parties cannot reach an agreement on the attorney member of the panel, then Revised Statute 40:1299.47(C)(1)(a) provides, in pertinent part, that the attorney member shall be selected in the following manner:
The office of the clerk of the Louisiana Supreme Court, upon receipt of notification from the board, shall draw five names at random from the list of attorneys who reside or maintain an office in the parish which would be proper venue for the action in a court of law. The names of judges, magistrates, district attorneys and assistant district attorneys shall be excluded if drawn and new names drawn in their place. After selection of the attorney names, the office of the clerk of the supreme court shall notify the board of the names so selected.

. 589 So.2d 14 (La.App. 1st Cir.1991).