801 So.2d 471 (2001)
In re Medical Review Panel of Ruth JONES.
No. 2000 CA 1290.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
Writs Denied November 2, 2001.
*472 Sam J. Collett, Jr., Bogalusa, LA, for appellant, Ruth Jones.
Peter J. Giarrusso, Baton Rouge, LA, for appellee, State of Louisiana through the Louisiana Health Care Authority and Earl K. Long Medical Center.
Pamela Miller Perkins, Baton Rouge, LA, for appellee, Mark C. Drennen, Commissioner of Admin.
BEFORE: CARTER, C.J., WEIMER and KLINE,[1] JJ.
CARTER, Chief Judge.
This is an appeal by a medical malpractice claimant from a trial court judgment denying her Petition for Mandamus in which she sought a ruling requiring the reopening of her case.

FACTS AND PROCEDURAL HISTORY
On or about February 20, 1997, Ruth Jones filed a medical malpractice complaint against the State of Louisiana, through the Department of Health and Hospitals (the predecessor to the Louisiana Health Care Authority), and Earl K. Long Medical Center. The Division of Administration received the complaint on February 24, 1997.
By letter dated March 17, 1999, the State Medical Review Panel in the Division of Administration notified Jones, through her attorney, that she had taken no action to secure an attorney chair within two years and pursuant to Louisiana Revised Statute 40:1299.39.1A(2)(c) her claim would be dismissed. Thereafter, Jones's attorney corresponded with Peter J. Giarrusso, the Assistant Attorney General involved in the claim, regarding appointment of an attorney chair. Counsel agreed to the appointment of V. Patrick Bella, III. Jones's attorney then sent a letter dated July 20, 1999, to the State of Louisiana Malpractice Insurance Director informing her of the *473 parties' consent to the nomination of Mr. Bella as attorney chair. In a letter dated August 6, 1998,[2] the Division of Administration acknowledged receipt of the July 20, 1999 letter and notified claimant that her file had been closed effective June 16, 1999.
Thereafter, Jones filed a petition seeking to have the State of Louisiana, through the Louisiana Health Care Authority and Earl K. Long Medical Center (the State), show cause why a writ of mandamus should not issue directing Mark C. Drennen, State of Louisiana, Division of Administration, Medical Review Panel, to revoke the dismissal of her medical-review claim and to reopen the case for further litigation. After a hearing on the matter, the trial court dismissed the petition for writ of mandamus at Jones's cost. Jones now appeals.

DISCUSSION
The statute central to this inquiry is Revised Statute 40:1299.39.1A(2)(c), which provides:
The commissioner shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the state medical review panel within two years from the date the request for review of the claim was filed.
Jones contends she took substantial and sufficient action to secure the appointment of an attorney chair and thus complied with this statute.
Jones argues that the statute does not require that the attorney chair actually be confirmed with the Division of Administration, nor does it require that the Division of Administration actually be notified of the appointment within two years and 90 days from the filing of the initial complaint. Rather, Jones asserts the statute requires only that action be taken. Jones stresses that in this case there was an actual agreement among the parties as to whom the attorney chair would be prior to the expiration of the 90-day period.
Jones argues that the following exchange constitutes sufficient action:
1) Letter from Evon L. Wise, Division of Administration, to Jones's attorney dated March 17, 1999, informing Jones that no action had been taken to secure an attorney chair and that the claim would be dismissed pursuant to Revised Statute 40:1299.39.1A(2)(c).
2) Letter from Jones's attorney, Sam J. Collett, Jr., to Evon L. Wise dated April 1, 1999, informing Ms. Wise that by copy of this letter, Jones was requesting Mr. Giarrusso's cooperation in agreeing upon an appointment of attorney chair.
3) Letter dated April 7, 1999, from Mr. Giarrusso to Mr. Collett in response to the April 1, 1999 letter, and as a follow-up to a telephone call. In the letter Mr. Giarrusso suggests five names for attorney chair.
4) Letter from Mr. Collett to Mr. Giarrusso dated April 30, 1999, wherein Mr. Collett indicates that any of the names suggested in the April 1, 1999 letter is acceptable.
5) Letter from Mr. Giarrusso to Mr. Collett dated May 19, 1999, suggesting the appointment of V. Patrick Bella, III, as attorney chair. The letter further states, "if that is satisfactory with you, I suggest that you proceed as provided by law regarding *474 the appointment of the attorney chairman."
6) Letter from Mr. Collett to Mr. Bella dated June 17, 1999, informing him of his selection as attorney chair.
7) Letter from Mr. Bella to Mr. Collett dated June 21, 1999, accepting the appointment as attorney chair.
8) Letter from Mr. Collett to Cheryl Jackson, Malpractice Insurance Director, State of Louisiana, dated July 20, 1999, stating that by consent of counsel the parties wished to nominate Mr. Bella as attorney chair.
9) Letter from Evon L. Wise to Mr. Collett dated August 6, 1998,[3] acknowledging receipt of his letter of July 20, 1999, on August 2, 1999. The letter further informs claimant's attorney that the file was closed effective June 16, 1999.

ANALYSIS
Revised Statute 40:1299.39.1A(2)(c) is an abandonment statute. As the Louisiana Supreme Court noted in Clark v. State Farm Mutual Automobile Insurance Company, 00-3010, p. 11 (La.5/15/01), 785 So.2d 779, given the balancing function served by abandonment statutes, Louisiana's jurisprudence tends to be inconsistent, and no bright lines exist. There are certainly no bright lines insofar as the meaning of the word "action" in Revised Statute 40:1299.39.1A(2)(c); in fact, there are no cases interpreting it at all. There are, however, two cases from this court interpreting Revised Statute 40:1299.47A(2), a corollary to 40:1299.39.1A(2)(c) applying to private medical-malpractice claims filed with the Patient Compensation Fund (PCF).[4]
In Murphy v. Strange, 589 So.2d 14 (La.App. 1st Cir.1991), this court analyzed the dismissal of a case pursuant to 40:1299.47A(2). In that case, the parties could not agree on an attorney chair for the medical-review panel and failed to follow the statutorily required steps to appoint a chair when the parties cannot agree. We concluded that letters and telephone calls from plaintiffs counsel to defendant's counsel were not sufficient to demonstrate that some action was taken to select an attorney chair as required by Revised Statute. 40:1299.47A(2). Murphy, 589 So.2d at 16.
Kimmons v. Sherman, 99-0829 (La.App. 1st Cir.5/12/00), 771 So.2d 665, reached a different result under different facts. In that case the PCF had sent the claimant a letter stating that the parties must either agree to the appointment of a chair and notify the PCF within 90 days, or notify the PCF requesting a list of attorneys from the supreme court as required by Revised Statute 40:1299.47C(1)(a). We concluded that the claimant's action of requesting from the PCF a list of attorneys' names under the statute was sufficient to preclude dismissal, stating that the statute requires dismissal "`if no action has been taken by the claimant' within the 90-day period, not for failure to appoint an attorney chairman within the allotted time." Kimmons, 771 So.2d at 668.
Jones argues that in this case there was an actual agreement among the parties as to the attorney chair and therefore more is *475 present than mere correspondence. However, the State contends that even an agreement among the parties as to the chair is insufficient to comply with the statute. The State argues that without actual notice to the Division of Administration, that agency cannot be deemed to know that the attorneys for the parties agreed on an attorney chair.
As does the statute pertaining to private medical-malpractice claims, Revised Statute 40:1299.39.1 includes a provision regarding the method for appointing the attorney chair when the parties do not agree. See LSA-R.S. 40:1299.39.1C. This implies that the parties should first try to agree on a chair. Jones chose to negotiate with Mr. Giarrusso, the Assistant Attorney General involved in the claim, toward agreement on an attorney chair. The Division of Administration was not aware of these negotiations until it received Mr. Collett's letter of July 20 advising of the agreement on the chair, more than a month after the end of the 90-day period. Documentation supports a finding, however, that an agreement on the attorney chair was made before the end of the 90-day period.
The trial court found this case was abandoned because a chair was not appointed within the 90-day period. Kimmons, however, holds that appointment within that time period is not necessary. We found in Kimmons that taking action with the PCF was sufficient. 771 So.2d at 668. The question presented in this case is whether Jones's negotiations with opposing counsel and agreement on an attorney chair were sufficient action under the statute, or whether Jones was required to take action with the Division of Administration within the 90 days.
Revised Statute 40:1299.39.1A(2)(c) is similar in form and effect to Louisiana Code of Civil Procedure article 561, which addresses abandonment of civil actions. In Clark, the supreme court explained that the purpose of abandonment statutes is to balance the desire of every litigant to have his day in court with the legislative purpose of preventing stale claims from lingering. 00-3010 at 10-11. Abandonment statutes are to be liberally construed in favor of maintaining a plaintiff's suit. "[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." 00-3010 at 8-9.
Article 561 provides that to avoid dismissal for abandonment, steps must be taken "in the trial court," which had been interpreted to mean on the record. In Clark, however, the supreme court overruled prior jurisprudence and held that evidence outside the record could establish a defendant's waiver of abandonment. 00-3010 at 17-18. The court explained that abandonment statutes are designed to protect the defendant, and to ensure notice to the defendant when action is taken to interrupt abandonment. 00-3010 at 17. When the defendant is involved in the action (as in Clark, making an unconditional tender off the record), the defendant does not need notice or protection. The court found that to ignore the defendant's off-the-record action "would defy the jurisprudential principle dictating that courts consider substance over form in determining abandonment issues." 00-3010 at 21.
There is no provision in 40:1299.39.1A(2)(c) that the action of the claimant or his attorney has to be "on the record" with the Division of Administration. In this case, defendant was fully aware of the actions taken by Jones and her counsel as defendant's counsel was participating in them, and there was certainly no evidence Jones intended to abandon her claim. To uphold dismissal of her claim in light of the facts of this case would be to deny Jones her day in court *476 based on a technicality, a result we cannot countenance. Thus, under the facts of this case, we find Jones's actions to secure appointment of an attorney chair were sufficient to preclude dismissal of her claim.

CONCLUSION
For the reasons stated herein we reverse the trial court's dismissal of Jones's Petition for Mandamus and remand this case for further proceedings. Costs of this appeal in the sum of $381.66 are assessed to the State.
REVERSED AND REMANDED.
NOTES
[1] Hon. William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We agree with the trial court that the letter was erroneously dated "August 6, 1998" and should have been dated "August 6, 1999."
[3] See footnote 2.
[4] Revised Statute 40:1299.47A(2) provided in part, "The commissioner shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the medical review panel within two years from the date the request for review of the claim was filed." This provision is now found at 40:1299.47A(2)(c).